**Russell H. BURLEW, Plaintiff,**

v.

**EATON CORPORATION, Defendant.**

**No. 86–C–444.**

United States District Court,
E.D. Wisconsin.

Dec. 29, 1989.

E. Campion Kersten, Kersten & McKinnon, Milwaukee, Wis., for plaintiff.

David B. Kern, Quarles & Brady, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

Commencing on September 18, 1989, a second jury trial was held on the plaintiff's claim that the defendant willfully discriminated against him on the basis of his age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* The case was tried pursuant to a remand from the court of appeals for the seventh circuit; the jury verdict in the first trial was vacated because the answers to the special verdict questions could not be reconciled. *Burlew v. Eaton Corp.,* 869 F.2d 1063 (7th Cir.1989). On retrial, the jury returned a verdict in favor of the plaintiff in the amount of $221,104.00 for past lost wages and benefits, and $221,104.00 for future lost wages and benefits. Pursuant to the liquidated damages provision of the ADEA, the court entered judgment in favor of the plaintiff in the amount of $663,312.00, plus costs and reasonable attorney's fees.

The defendant has now filed a motion seeking judgment notwithstanding the verdict or, alternatively, a new trial. For reasons stated below, the defendant's motion will be denied.

The court of appeals for the seventh circuit has stated:

The standard of review [for a motion for judgment notwithstanding the verdict] is whether the evidence presented, combined with all reasonable inferences that may be drawn from it, is sufficient to support the verdict when viewed in a light most favorable to the party winning the verdict. *La Montagne* [*v. American Convenience Products, Inc.*], 750 F.2d [1405] at 1410; *Syvock* [*v. Milwaukee Boiler Manufacturing Co., Inc.*], 665 F.2d [149] at 153. "Any conflicts in the evidence must be resolved in favor of the resisting party, and every permissible inference favoring that party which can be drawn from the evidence must be drawn." *Syvock,* 665 F.2d at 153. "We do not judge the credibility of witnesses, and we do not reweigh the evidence as a jury would, attempting to find a preponderance on one side or the other. We do, however, weigh the evidence to the extent of determining whether the evidence to support the verdict is *substantial;* a mere scintilla of evidence will not suffice." *La Montagne,* 750 F.2d 1410 (citations omitted) (emphasis in original).

*Ayala v. Mayfair Molded Products Corp.,* 831 F.2d 1314, 1318 (7th Cir.1987).

The ADEA provides for two levels of liability: non-willful and willful. 29 U.S.C. §§ 623 and 626(b). In order to prove a non-willful violation of the ADEA, the plaintiff must prove that age was a determining factor in the employer's adverse employment decision. In order to prove a willful violation the plaintiff must first establish a non-willful violation and then prove that "the employer knew or showed reckless disregard as to whether its conduct was prohibited by the ADEA." *Trans World Airlines v. Thurston,* 469 U.S. 111, 126, 105 S.Ct. 613, 624, 83 L.Ed.2d 523 (1985). A non-willful violation is subject to a two-year period of limitation while a willful violation is subject to a three-year period. 29 U.S.C. § 626(e). Because Mr. Burlew brought his claim more than two years after his discharge, he can only recover if he establishes that the defendant willfully violated the ADEA.

The first part of the order of proof in a case such as this is based on the shifting burdens approach adopted by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), and in *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). Under this approach, the plaintiff must first establish a prima facie case. In an ADEA reduction in force case, this requires the plaintiff to show: (1) that he was over forty years of age; (2) that his job performance met the employer's legitimate expectations; (3) that he was discharged; and (4) that the employer treated a younger employee more favorably than the plaintiff. *Burlew, supra,* 869 F.2d at 1066.

The requirement of making a prima facie case serves the function of eliminating the most common non-discriminatory reasons for the employer's adverse action against the plaintiff, giving rise to a legally mandatory presumption of intent to discriminate on a prohibited basis. *Burdine, supra,* 450 U.S. at 254 n. 7, 101 S.Ct. at 1094 n. 7. The burden then shifts to the employer to rebut the presumption by articulating a legitimate, non-discriminatory reason for the discharge. *Id.* If the employer does this, the burden then shifts back to the plaintiff to prove that the articulated reason is pretextual. This may be accomplished directly by persuading the trier of fact "that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Burdine, supra,* 450 U.S. at 256, 101 S.Ct. at 1095.

Thus, under the burden-shifting approach, "if a plaintiff convinces the trier of fact that it is more likely than not that the employer did not act for its proffered reasons, the employer's decision remains unexplained and the inferences from the evidence produced by the plaintiff may be sufficient to prove the ultimate fact of discriminatory intent."

*Ayala, supra,* 831 F.2d at 1319 (quoting *Graefenhain v. Pabst Brewing Co.*, 827 F.2d 13, 18 (7th Cir.1987).

In *Burdine*, the Supreme Court recognized the significance of credibility judgments by the trier of fact by noting that "there may be some cases where the plaintiff's initial evidence, combined with effective cross-examination of the defendant, will suffice to discredit the defendant's explanation" and "this evidence and inferences properly drawn therefrom may be considered by the trier of fact on the issue of whether the defendant's explanation is pretextual." *Burdine, supra,* 450 U.S. at 255 n. 10, 101 S.Ct. at 1095 n. 10. Whether the proffered non-discriminatory reason is pretextual may turn on the jury's judgment as to the credibility of the witnesses "because almost every worker has some deficiency on which the employer can plausibly blame the worker's troubles." *Hunter v. Allis–Chalmers Corp.*, 797 F.2d 1417, 1423 (7th Cir.1986).

Eaton Corporation argues that Mr. Burlew failed to establish the non-willful level of liability because no evidence was presented to prove that its proffered non-discriminatory reasons for firing him were a pretext for age discrimination. However, I find that there was ample credible evidence to support the jury's finding that the defendant intentionally discriminated against the plaintiff on the basis of age. The undisputed facts are: 1) that the plaintiff was over forty, and therefore he was a member of the protected class; 2) that his job performance satisfied his employer's legitimate expectations; 3) that he was one of four persons employed in a job category which was eliminated for reasons unrelated to age; and 4) that an alternative position was found for the other three persons, each of whom was somewhat younger than the plaintiff; no position was found for the plaintiff, and a substantially younger person was hired for the only position for which the plaintiff was considered.

Eaton Corporation's explanation for its treatment of the plaintiff was that despite a good faith effort to find another position, he was unqualified for the only available position. The defendant's witnesses testified that its effort to place Mr. Burlew in another position in large part consisted of

considering him for the position of personnel manager at the defendant's plant in Watertown, Wisconsin. The defendant's witnesses testified that the only reason that the plaintiff was not placed in the Watertown position was that the job required a prior record of plant level employee relations expertise as well as prior experience with "the Eaton philosophy." Eaton Corporation argued that Mr. Burlew did not satisfy these requirements. He was therefore characterized by the defendant's witnesses as unqualified.

However, the evidence was controverted, and it was reasonable for the jury to believe that a good faith effort was not made by Eaton Corporation to locate another job for Mr. Burlew. Andrew Nusslein, the person assigned to locate an alternative position, stated that consideration of the plaintiff for the Watertown position consisted of one short conversation with the manager of the Watertown plant and Jerald Theder, the division manager in charge of the Watertown plant. Mr. Nusslein stated that he did not arrange an interview and provided no information about the plaintiff to either the plant manager or Mr. Theder. Mr. Theder testified that he did not have knowledge about the plaintiff's qualifications before declining to consider him for the job. The jury could reasonably draw the inference that the defendant's effort to locate a job for Mr. Burlew was bogus and not in good faith.

Furthermore, the plaintiff presented evidence which, if believed, showed that Mr. Burlew was in fact qualified for the Watertown position. Two retired management level employees testified that the plaintiff was qualified to perform the duties required of a plant personnel manager. The plaintiff testified that between 1948 and 1965 he worked as an assistant office manager and then as an office manager for the Cutler–Hammer Corporation. The duties were described as equivalent to that of a plant personnel manager: salary surveys, position evaluation, benefits and salary administration and contract negotiations with the union. During that time Mr. Burlew wrote the plant personnel policy manual. In 1965, he was promoted to manager of

personnel services. In this position his duties were expanded to include consultant services to outlying plants. In this capacity he was involved in establishing the personnel system at the the Watertown plant. Mr. Burlew also established the "Hay system" of personnel evaluation throughout Cutler–Hammer. This system continued in use after Cutler–Hammer was acquired by the Eaton Corporation in 1978. Thus, the jury could fairly conclude that the plaintiff did in fact have plant level employee relations expertise. Such a conclusion could reasonably lead to an inference that the defendant's proffered explanation that the plaintiff was not qualified for the Watertown plant was not credible.

Finally, the plaintiff presented evidence that he was familiar with and supportive of various personnel practices analogous to the "Eaton philosophy." Mr. Burlew testified that he was long an advocate of such innovative approaches as involving employees in decision making. He also averred that he understood the Eaton philosophy as simply a comprehensive approach to such objectives. The defendant's witnesses, on the other hand, described the Eaton philosophy in almost mystical terms—as a system of manager-worker collaboration and harmony that would take a person up to ten years in which to become conversant. However, on cross-examination, Mr. Theder stated that it was fair to characterize the Eaton philosophy as a system of motivating employees and involving them in decision making so as to give them a pride of ownership of the business. He also stated that this philosophy had been in practice at only a few Eaton plants for about five years and that it was not adopted companywide as the "Eaton philosophy" until 1985 —a year after the plaintiff was fired. Once again, the jury could reasonably choose to believe that the requirement of experience in the "Eaton philosophy" was neither significant nor credible.

Therefore, I find that the jury was presented with substantial evidence which, if believed, would support a finding that the defendant's proffered explanation was not credible. Thus, the inference that age

was a determining factor arising from the plaintiff's prima facie case stands unrebutted and provides the jury with substantial evidence that Eaton Corporation intentionally discriminated on the basis of age. *See Ayala, supra,* 831 F.2d at 1319. The jury may well have believed that the defendant gave false reasons for laying off the plaintiff, which would lend additional strength to this inference. *See Brown v. M & M/Mars,* 883 F.2d 505, 511 (7th Cir.1989).

■ The defendant argues that the jury lacked substantial evidence to support its finding of a willful violation of the ADEA. To prove that the employer willfully violated the ADEA, the plaintiff must prove that "the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA." *Thurston, supra,* 469 U.S. at 126, 105 S.Ct. at 624. In the opinion remanding the instant case, the court of appeals observed:

> If a finding that age was a "determining factor" in the employer's decision—*i.e.,* a finding that establishes tier one liability—is tantamount to a finding of intentional discrimination, and the employer knew that age discrimination is prohibited by the ADEA (as virtually all employers know), the result would be a finding of willfulness in almost every disparate treatment case. Perhaps that is as it should be, given the nature of a disparate treatment case.

*Burlew, supra,* 869 F.2d at 1067.

The defendant argues that in order to have willfully discriminated against Mr. Burlew, it would have had to know either that it was not placing him in the Watertown position because of his age or that it must have recklessly disregarded such fact. The defendant admits that each of its employees involved in the plaintiff's termination had knowledge of the ADEA. There was substantial evidence that the defendant intentionally discriminated on the basis of age and then proffered false reasons in an attempt to deny the existence of that discrimination. These factors provide an ample basis to support the jury's finding that Eaton Corporation willfully violated the ADEA.

The defendant's motion for a new trial is based on the following contentions: (a) that the jury's verdict is contrary to the weight of the evidence; (b) the jury instructions on the elements of the plaintiff's prima facie case, the impact of a prima facie case and pretext were incorrect; (c) the special verdict form was improper; and (d) the damage award was the product of erroneous instructions and is contrary to the weight of the evidence.

The authority to grant a new trial generally rests within the trial court's discretion. *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 36, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980). A new trial is warranted if the verdict is contrary to the clear weight of the evidence, if the damages award is excessive, or if the trial was not fair to the moving party. *Cygnar v. City of Chicago,* 865 F.2d 827, 835 (7th Cir. 1989); *General Foam Fabricators, Inc. v. Tenneco Chemicals, Inc.,* 695 F.2d 281, 288 (7th Cir.1982).

Eaton Corporation's claim that a new trial should be granted on the ground that the jury's verdict is contrary to the weight of the evidence is not impressive. The jury's verdict was amply supported by the evidence, as discussed above. The standard of review differs only in degree from the standard for challenges to the sufficiency of evidence under a motion for judgment notwithstanding the verdict. *Simplex, Inc. v. Diversified Energy Systems, Inc.,* 847 F.2d 1290, 1293 (7th Cir.1988). Where, as here, "the jury's verdict is based on determinations of credibility, and two permissible views exist, we will not grant a contrary conclusion of fact." *Id.*

■ The defendant also argues that the court should grant a new trial on the ground that the jury was erroneously instructed on the fourth element of the plaintiff's prima facie case. *See Montgomery Ward & Company v. Duncan,* 311 U.S. 243, 251, 61 S.Ct. 189, 194, 85 L.Ed. 147 (1940). The jury was instructed as follows:

> Mr. Burlew must prove the following: (1) that he was over forty; (2) that he was performing according to his employer's legitimate expectations; (3) that he was

terminated; and (4) that Eaton treated a younger employee more favorably than Mr. Burlew.

Eaton Corporation urges that the court should have instructed the jury that the fourth element was satisfied only if other employees *not in the protected age group* (i.e. under age forty) were treated more favorably than the plaintiff. The defendant relies on *Oxman v. WLS–TV*, 846 F.2d 448, 455 (7th Cir.1988), which explicitly used the language "others not in the protected class" when listing the elements. The statutory protection afforded by the ADEA against age discrimination does indeed begin at age forty. The position advocated by the defendant would lead to the incongruous result that an older employee would be protected from age discrimination only if his employer favored an employee who was under forty years of age. For example, a sixty-year old employee would be protected from discrimination when his employer replaced him with a thirty-nine year old employee but not if the employer chose a forty-one year old successor employee. I do not believe that either Congress or our appellate courts have intended such an irrational interpretation.

The purpose of the fourth element is to require the production of evidence from which a factfinder might reasonably conclude that the employer has not treated age in a neutral manner. *Ayala, supra,* 831 F.2d at 1319. This is traditionally accomplished by evidence of differential treatment; thus the label "disparate treatment." It is true that the strength of the inference will in some cases be affected by the breadth of the disparity in age between the favored and discriminated employees. However, this depends on the factual context and should not require the conclusion that as a matter of law no discrimination can be found when both the favored and discriminated employees are over forty years of age.

Courts that have addressed this issue squarely have universally permitted a prima facie case to be shown through proof that the favored person was younger than plaintiff. All have held that the replacement need not be younger than 40, the age at which ADEA protection begins. *See Goldstein v. Manhattan Industries, Inc.,* 758 F.2d 1435 (11th Cir.1985); *McCorstin v. United States Steel Corp.,* 621 F.2d 749, 753–54 (5th Cir.1980); *cf. Haskell v. Kamen Corp.,* 743 F.2d 113, 119 n. 1 (2d Cir. 1984) (*McDonnell Douglas* test framed a requiring proof of favorable treatment to a younger person rather than a person outside protected class); *Cuddy v. Carmen,* 694 F.2d 853, 857 (D.C.Cir.1982) (same); *Ackerman v. Diamond Shamrock Corp.,* 670 F.2d 66, 69 (6th Cir.1982) (same).

*Maxfield v. Sinclair Intern,* 766 F.2d 788, 792 (3rd Cir.1985).

The fact that the *Oxman* court chose to characterize the differential treatment in an ADEA reduction in force situation as between those in the protected class and those not in the protected class does not mean that as a matter of law the younger favored employee must be under forty years of age. In discussing the fourth element, the *Oxman* court referred to "younger" employees, as opposed to employees not in the protected class. Furthermore, in formulating the standard for the fourth element, the *Oxman* court relied upon the reasoning in Judge Flaum's concurring opinion in *Matthews v. Allis–Chalmers,* 769 F.2d 1215 (7th Cir.1985) (majority overruled by *Oxman,* 846 F.2d at 455–56):

An employer's retention of a younger employee either in the same job as the discharged plaintiff or in another job for which the plaintiff was also qualified gives rise to an inference of discrimination that is no weaker than the well-recognized inference created when an employer discharges an employee who is performing adequately and then seeks and/or obtains a replacement.

*Matthews, supra,* 769 F.2d at 1223 (Flaum, J., concurring).

The defendant next argues that the court erred in instructing the jury that it could find the defendant's articulated reasons to be a pretext for discrimination if they found those reasons to be incredible.

Eaton Corporation asserts that this instruction impermissibly lowered the plaintiff's burden of proof because it allowed the jury to find intentional discrimination based only on a finding of falsity without linking the pretext to discrimination.

The challenged instruction closely tracked the following language of the court of appeals in *Burlew:*

> If the employer meets this burden of production, the plaintiff must then prove that the proffered reasons are a pretext. This can be done by showing that the employer's decision to discharge plaintiff was, more likely than not, motivated by discriminatory reasons or that the employer's proffered explanations are not credible.

*Burlew, supra,* 869 F.2d at 1066.

If the jury found the proffered explanation unworthy of credence, as it apparently did, the substantial inference of discrimination arising from the plaintiff's prima facie case is sufficient to support the verdict. *See Burdine, supra,* 450 U.S. at 255 n. 10, 101 S.Ct. at 1095 n. 10; *Ayala, supra,* 831 F.2d at 1319.

■ Eaton Corporation also maintains that it is entitled to a new trial because the court erroneously instructed the jury that the plaintiff would establish a prima facie case of intentional age discrimination if he proved the four elements of the disparate treatment model of proof. The objection is to the use of the word "intentional." The defendant reasons that the court in effect equated a non-willful violation with a willful violation by characterizing the prima facie case as one of intentional discrimination. The court disagrees. "The offense alleged in a disparate-treatment challenge focuses exclusively on the intent of the employer." *Watson v. Fort Worth Bank and Trust,* 487 U.S. 977, 108 S.Ct. 2777, 2793, 101 L.Ed.2d 827 (1988) (Blackmun, J., concurring); *see also Wards Cove Packing Co., v. Atonio,* —— U.S. ——, 109 S.Ct. 2115, 2118, 104 L.Ed.2d 733 (1989); *Doe v. First National Bank,* 865 F.2d 864, 875 (7th Cir.1989). "[I]n an ADEA disparate treatment case, the plaintiff's ultimate burden is to prove that the defendant intentionally discriminated." *Burlew, supra,* 869 F.2d at 1067. The jury was instructed separately on the standards for intentional discrimination and willful violation of the ADEA. The two standards are not the same.

■ The defendant's next argument for a new trial is that the special verdict form was improper and prejudicial. The jury was asked: "Did Eaton Corporation willfully violate the Age Discrimination in Employment Act when it terminated Russell H. Burlew?" The defendant asserts that the court should have submitted two issues to the jury: first, whether age was a determining factor in the plaintiff's discharge; and second, whether the defendant willfully violated the ADEA.

"[S]pecial verdict questions must accurately present the issues in the case so as not to confuse or mislead the jury." *U.S. Fire Insurance Co. v. Pressed Steel Tank Co.,* 852 F.2d 313, 316 (7th Cir.1988). The defendant relies on *Gootee v. Colt Industries,* 712 F.2d 1057, 1067–68 (7th Cir.1983), to argue that the special verdict form improperly combined a finding that age was a determining factor in the plaintiff's discharge with a finding that the defendant's actions willfully violated the ADEA. Such reliance is misplaced. In *Gootee* the trial court improperly combined two distinct causes of action, implied warranty of fitness and negligent design into a single special verdict question and thereby, in effect, created a hybrid cause of action of implied warranty. *Id.* *Gootee* stands for the proposition that a court should not combine two distinct theories of liability under one general theory because to do so may prevent the jury from fully considering either. *Id.* I believe that the form of the special verdict in the case at bar was simple and direct and did not leave room for confusion of the jury. It did not mix apples and oranges.

■ Finally, the defendant argues that it is entitled to a new trial on the issue of damages because the court did not direct the jury to deduct the value of pension benefits from past and future lost wages

and benefits. The defendant asserts that after being terminated Mr. Burlew received pension and social security benefits which he would not have received had he continued in the employ of the defendant. These benefits, the defendant argues, should have been offset against the award of lost wages in order to avoid a windfall for the plaintiff.

Mr. Burlew points out that there was no windfall because had he not been forced into early retirement he would have deferred receipt of pension benefits until his anticipated retirement in 1995. During this time his pension funds would have increased instead of being depleted, and he would have received greater benefits when he finally retired in 1995.

The plaintiff's position is supported by the testimony of an expert who based his opinion on the usual and customary practices of pension plans. Eaton Corporation argues that the expert's testimony was based on an assumption not grounded in fact because it was not based on information about the plaintiff's actual plan. Therefore, the defendant reasons, the jury had no evidentiary basis for failing to offset the award for pension benefits, and the court should have required it by way of an instruction. However, as already noted, the plaintiff's position was supported by the testimony of an expert. In addition, the defendant was free to and in fact did challenge the credibility of that testimony and asked the jury to deduct the pension benefits. The jury apparently chose not to. I do not believe that this court abused its discretion by declining the defendant's requested instruction.

As a final matter, Mr. Burlew has requested that the court postpone consideration of the attorney's fees issue until resolution of the post-verdict motions and until he has filed supporting materials regarding his amended petition for attorney's fees. The defendant opposes the request and has moved to strike the amended petition. The plaintiff's request to defer consideration of the attorney's fee issue will be granted, and the defendant's motion to strike the amended attorney's fee application will be denied.

Therefore, IT IS ORDERED that the motion of the defendant, Eaton Corporation, for judgment notwithstanding the verdict or, alternatively, for a new trial be and hereby is denied.

IT IS ALSO ORDERED that the defendant's motion to strike the amended petition of the plaintiff, Russell H. Burlew, for allowance of attorney's fees be and hereby is denied.

IT IS FURTHER ORDERED that the plaintiff's request to defer consideration of the issue of attorney's fees be and hereby is granted. The plaintiff shall have until January 19, 1990, to file supporting affidavits and a memorandum in support of the amended petition for reasonable attorney's fees. The defendant shall have thirty days from the date of the filing of the plaintiff's memorandum in support of his amended petition to serve and file objections, if any, concerning the reasonableness of the requested amount; the plaintiff may serve and file a reply within ten days thereafter.