James D. McLEAN, Joyce McLean, and Employers Insurance of Wausau, Plaintiffs,

v.

**BADGER EQUIPMENT COMPANY, Defendant.**

No. 92–C–0265.

United States District Court, E.D. Wisconsin.

Nov. 29, 1994.

John J. Laffey, Murphy, Gillick, Wicht & Practhauser, Milwaukee, WI, for James D. McLean and Joyce McLean.

J. Patrick Condon, Borgelt, Powell, Peterson & Frauen, Milwaukee, WI, for Employers Ins. of Wausau.

Robert B. Corris, Kasdorf, Lewis & Swietlik, Milwaukee, WI, Kent A. Gernander, Streater, Murphy, Gernander, Forsythe & Telstad, Winona, MN, for Badger Equipment Co.

## DECISION AND ORDER

RANDA, District Judge.

On April 7, 1994 a jury in the above-captioned case returned a verdict for the plaintiffs, James D. McLean and his wife Joyce McLean ("McLean"), against the defendant, Badger Equipment Company ("Badger"). McLean alleged that while using a handwheel on Badger's sliding lock bar sheet lifter (a device used to lift heavy loads such as sheet steel) the handwheel slipped off the shaft, causing McLean to fall and suffer injuries. The handwheel was attached to the shaft by a screw. It is undisputed that the screw in place at the time of the accident was not the "set" screw originally installed by Badger but rather a "machine" screw installed subsequent to manufacture and delivery. The jury was asked to determine whether the sheet lifter was defective and whether Badger was negligent with respect to the accident in question. The jury answered "Yes" on the product liability question and

did not answer the negligence question. The jury awarded McLean $777,626.39 for the injuries he received in the accident and awarded his wife $50,000.00 for loss of consortium.

Badger moves the Court, pursuant to Rules 50(b) & 59 of the Federal Rules of Civil Procedure, to grant judgment in its favor as a matter of law on the products claim and for a new trial on the negligence and damage claims. In the alternative, Badger moves the Court for a new trial on the products claim. For the following reasons, Badger's motions for judgment as a matter of law on the products claim and for a new trial on the negligence claim are granted. Badger's alternative motion for a new trial on the products claim is conditionally granted in the event the Court's decision on the Rule 50 motion is reversed or vacated on appeal. Badger's motion for a new trial on the damage claim is denied.

## ANALYSIS

### I. MOTION FOR JUDGMENT AS MATTER OF LAW

A federal court sitting in diversity applies state law in its consideration of a motion brought pursuant to Federal Rule of Civil Procedure 50(b). *Allison v. Ticor Title Insurance Company,* 979 F.2d 1187, 1195 (7th Cir.1992); *Krist v. Eli Lilly and Company,* 897 F.2d 293, 296 (7th Cir.1990). In Wisconsin, such motions are governed by Wis.Stat. § 805.14(5)(b):

(b) *Motion for judgment notwithstanding verdict.* A party against whom a verdict has been rendered may move the court for judgment notwithstanding the verdict in the event that the verdict is proper but, for reasons evident in the record which bear upon matters not included in the verdict, the movant should have judgment.

"[T]he motion does not raise the issue of whether there is sufficient evidence to support the verdict and the application may not be granted on the ground that the verdict is against the great weight of the evidence." *Kolpin v. Pioneer Power & Light Company,* 162 Wis.2d 1, 469 N.W.2d 595, 606 (1991). "[T]he trial judge is not justified in setting aside a verdict and directing judgment if there is any credible evidence to support the jury's findings." *Bennett v. Larsen Co.,* 118 Wis.2d 681, 348 N.W.2d 540, 544 (1984). The question is whether the established facts permit recovery as a matter of law. *Chevron Chemical Co. v. Deloitte & Touche,* 168 Wis.2d 323, 483 N.W.2d 314, 317 (App.1992). Here, the undisputed evidence at trial established that the sheet lifter was substantially and materially modified prior to the accident. There is absolutely no evidence—credible or otherwise—that the sheet lifter reached McLean without substantial change in the condition in which it was sold. Under Wisconsin products liability law, this fact precludes recovery.

### A. Products liability.

Question No. 1 of the verdict asked, "Was the sliding lock bar sheet lifter, as designed and manufactured, in a defective condition unreasonably dangerous to a prospective user?" In order to answer this question "Yes", the jury was required to find that McLean proved each of the following elements by the greater weight of the credible evidence:

... (1) the product was in a defective condition; (2) the defective condition made the product unreasonably dangerous to persons or property; (3) the defective condition of the product existed when the product was under the control of the manufacturer; and (4) *the product reached the user without substantial change in the condition in which it was sold.*

Wis.Civil Jury Instr. 3260. (Emphasis supplied.)

McLean failed to put forward any evidence showing that Badger's sheet lifter reached McLean "without substantial change in the condition in which it was sold." Indeed, the only evidence produced at trial shows there *was* a substantial change made to the sheet lifter. Specifically, the original "set" screw, which attached the handwheel to the shaft, had been replaced by a "machine" screw. This undisputed and established fact precludes recovery as a matter of law.

Controlling the Court's decision is the Wisconsin Supreme Court's decision in *Glassey v. Continental Insurance Company,* 176 Wis.2d 587, 500 N.W.2d 295 (1993). In *Glassey,* the plaintiff was injured when a cap blew off a tank and struck the plaintiff in the forehead. The cap was not the original cap designed and manufactured by the manufacturer. Rather, it was a replacement cap of different properties or characteristics. The Supreme Court held that this fact alone precluded recovery, because it negated an essential element of plaintiff's products liability claim:

> We conclude that in order to maintain a strict products liability claim the plaintiff must show that the product has not undergone a substantial and material change from the time it left the manufacturer or seller. When the condition of a product at the time of an accident is substantially and materially different from its condition at the time it left the control of the manufacturer or seller, the plaintiff will be unable to prove its prima facie case and the strict products liability claim must be dismissed.

*Id.,* 500 N.W.2d at 301. The Supreme Court reasoned that a contrary holding would not promote the policies underlying the imposition of strict products liability:

> These policies are not promoted by imposing the strict liability rule when a substantial and material change is made to a product after it leaves the control of the manufacturer or seller. Imposition of strict liability on the manufacturer or seller would not achieve any significant reduction of risk when the product is substantially changed by a third party. The manufacturer or seller has no control over alterations made to its product by third persons and therefore is in no position to pass on the costs of risks associated with these changes to consumers through increased prices. Even if the manufacturer or seller can anticipate the cost of increased risk due to unknown changes to its product, it is not fair to require other consumers to pay these costs in the form of higher prices because some consumers decide to make changes to the product. The party in the best position to pay for the cost of changes to products is the party

who makes the changes. The manufacturer or seller is not the one who creates the risk when alterations are made to a product by third parties. Inspection and quality control measures will not prevent changes made to the product after it leaves the manufacturer or seller's control. In situations where the product has undergone a substantial change by a third party, the policy of compensating persons injured by dangerous products is more equitably served by common law negligence rules.

*Id.,* at 302. *Glassey* then defined a product change as "substantial" and "material" when it is linked to the accident at issue:

> A substantial and material change is a change in the design, function or character of the product *linked* to the accident. In this case there was a substantial and material change in the design and character of the spray tank *linked* to the accident because the [original] cap was replaced with a non-standard cap. This change was material to the accident because it was the replacement cap that blew off the spray tank striking Glassey in the head.

*Id.,* at 301. (Emphasis supplied.)

The parallels between *Glassey* and this case are clear and compelling. The change at issue here is the substitution of a "machine" screw for the original "set" screw. The change was "linked" to the accident because it was the screw that held or attached the handwheel to the shaft and it was the failure of this connection which caused McLean to fall. Moreover, it was undisputed at trial that there are differences between machine screws and set screws, differences that affect their comparable holding power. For example, set screws actually penetrate the shaft itself, while machine screws merely make contact with it to "squeeze" the handwheel onto the shaft. Set screws also create ridged deformations on the shaft, which further increase their holding power by limiting lateral movement of the handwheel. Lastly, set screws have a holding power of 2,000 pounds per square inch, far in excess of the forces any individual could create by pulling on it. Given these established facts, the

change from a machine screw to a set screw was clearly substantial and material.[1]

■ McLean, through his expert witness, Dr. Weiss, did not challenge any of the foregoing facts. He did not dispute that the change was made nor did he dispute the asserted differences between set screws and machine screws. He simply stated, as paraphrased by McLean, that the design of the connection assembly was defective and unreliable regardless of the type of screw used.[2] This, however, is not enough. *Glassey* prevents a plaintiff from addressing a subsequent change in this manner. Therefore, a plaintiff cannot argue that a subsequent change was not "substantial" because the original design was itself defective and the accident would have occurred regardless or because it was not the "sole" cause of the accident. *Id.*, at 302–03. While such testimony may, if believed, support the first three elements of a products case, it does not satisfy the fourth element, which requires a separate finding that there be no substantial change to the product after sale. If the latter is not shown, that "alone is sufficient to take [the case] out of strict liability", both "as a matter of law" and for reasons of "public policy and equity". *Id.*

## II. MOTIONS FOR NEW TRIAL

### A. Negligence.

■ The foregoing does not end the case, however. *Glassey* acknowledged that "when a plaintiff is unable to prove the elements necessary to recover under a strict liability theory, the manufacturer or seller may still be liable under a negligence theory where the plaintiff is able to prove specific negligent conduct." *Id.*, at 301. The verdict here included a negligence question, which the jury

left unanswered in light of its decision on the products question. The Court therefore orders a new trial on the negligence question. That question reads: "Was the defendant, Badger Equipment Company, negligent with respect to the accident in question?" If upon retrial the jury answers that question "Yes", then they will be required to answer the following: "Was such negligence of the defendant, Badger Equipment Company, a cause of James D. McLean's injuries?"

### B. Damages.

Badger moves the Court to either reduce the damages award or grant a new trial thereon, claiming the jury's award was excessive:

A new trial must also be granted because the amount of the monetary awards are shockingly excessive and had to have been prompted in large measure by sympathy, passion, or prejudice.... The size of the verdict is shocking because it disregards the undisputed evidence of Mr. McLean's multiple diseases and conditions unrelated to his fall.

(Defendant's Brief in Support at 13.)

■ Badger notes a variety of conditions that McLean suffered prior to this accident. The testimony was conflicting, however. The jury had every opportunity to consider the evidence offered by Badger in this regard and Badger's counsel vigorously argued the differences between the injuries McLean suffered in the accident and those related to previous conditions. McLean offered conflicting evidence, however, and the jury was free to believe or disbelieve that evidence. The evidence consisted in part of medical testimony indicating that McLean's sacral fracture was "excruciating" and one of

1. *Glassey* acknowledged that "[i]n some cases, whether a change is substantial and material to the accident may be a question for the jury", although on the facts before it the Wisconsin Supreme Court found the change to be clearly material and upheld the trial court's dismissal of the products claim. *Glassey*, 500 N.W.2d at 303. As explained above, the facts are equally clear in this case, such that no juror could reasonably conclude that substituting a machine screw for the original set screw was an insubstantial and immaterial change.

2. "The plaintiff's theory of the case was that the *design* used to attach the hand wheel to the shaft was defective, regardless of the size of the hub hole or *whether the machine screw or the set screw was in place*. Dr. Weiss' testimony was that the connection assembly was a defective and unreliable design. Those opinions were repeated throughout his direct examination, his cross-examination, and his re-direct examination. (Plaintiff's Brief in Opposition at 5; emphasis supplied.)

the worst cases observed. The Court cannot substitute its judgment for that of the jury where competing inferences can be drawn from the totality of the evidence. Issues of credibility and the weight to be given to the evidence are completely within the province of the jury. The motion for a new trial on damages is therefore denied.

### C. Products liability.

 As authorized under Fed.R.Civ.P. 50(b), Badger joined its motion for judgment as a matter of law on the products claim with an alternative Rule 59 motion for a new trial. Under Rule 50(c)(1), "[i]f the renewed motion for judgment as a matter of law is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and shall specify the grounds for granting or denying the motion for a new trial." Unlike a motion pursuant to Rule 50(b), a motion for a new trial pursuant to Rule 59 is determined by federal law. *Wassell v. Adams,* 865 F.2d 849, 854 (7th Cir.1989); *Davlan v. Otis Elevator Co.,* 816 F.2d 287, 289 (7th Cir.1987). Such a motion is left to the sound discretion of the trial judge. *Roggow v. Mineral Processing Corp., Needmore Processing Div.,* 894 F.2d 246, 249 (7th Cir.1990). "A new trial can be granted only when the jury's verdict is against the clear weight of the evidence." *Davlan,* 816 F.2d at 289. As the Court's analysis in Section I demonstrates, the jury's verdict was "against the clear weight of the evidence" on the strict product liability issue. Accordingly, Badger is entitled to a new trial in the event that the Court's decision on the Rule 50 motion is reversed or vacated.

### III. ENTRY OF JUDGMENT

 Given the foregoing rulings, there is now the possibility that the Court would have to conduct two additional trials in this matter: The first on McLean's negligence claim and the second on McLean's products claim, assuming that the jury rejected the negligence claim and that, on a subsequent appeal, the 7th Circuit rejected the Court's decision on the products claim. To avoid this possibility and conserve judicial resources,

the Court finds there is "no just reason for delay[ing]" entry of final judgment and, pursuant to Fed.R.Civ.P. 54(b), vacates the prior judgments herein and directs the clerk to enter final judgment in favor of the defendant on the products liability claim. The Court also stays any and all proceedings on the negligence claim pending the appeal, if any, of the judgment on the products claim.

**NOW THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Badger's motion for judgment as a matter of law on the products claim is granted;

2. Badger's motion for a new trial on the negligence issue is granted;

3. Badger's motion for a reduction of the damages award or a new trial thereon is denied;

4. Pursuant to Fed.R.Civ.P. 50(c)(1), on the condition that the judgment in Badger's favor on the products claim is reversed or vacated, Badger's motion for a new trial on the products claim is granted;

5. All prior judgments issued in this case are vacated and the clerk shall enter final judgment in favor of the defendant on the products claim; and

6. Any and all proceedings on the negligence claim are stayed pending the appeal, if any, of the judgment on the products claim.