**Allen E. HAHM, Plaintiff,**

v.

**WISCONSIN BELL, INC., Defendant.**

No. 94–C–597.

United States District Court,
E.D. Wisconsin.

Nov. 4, 1997.

E. Campion Kersten, Kersten & McKinnon, S.C., Milwaukee, WI, for Plaintiff.

Stephen J. Liccione, Milwaukee, WI, Douglas P. Hardy, Winston & Strawn, Chicago, IL, for Defendant.

### DECISION and ORDER

GORDON, District Judge.

On April 27, 1994, the plaintiff, Allen E. Hahm, filed a complaint in the circuit court for Milwaukee County alleging a violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., ["ADEA"] and a state law claim for intentional infliction of emotional distress. By notice of June 7, 1994, the defendant, Wisconsin Bell, Inc., removed the action to federal court noting that this court had original jurisdiction over the action.

A jury trial commenced in this action on July 28, 1997. A special verdict was submitted to the jury with respect to the ADEA claims. The special verdict did not address the state law claim because the plaintiff had presented no evidence on that issue at trial. The jury returned its verdict on August 7, 1997, which found in favor of the defendant on the ADEA claims.

Presently before me is the plaintiff's motion for a new trial pursuant to Rule 59(a), Federal Rules of Civil Procedure. The motion will be denied.

In his motion, the plaintiff asks the court to set aside the jury's verdict and grant a new trial on the following grounds: (1) the ADEA instructions given by the court were erroneous and prejudicial; (2) the court erred in excluding plaintiff's exhibits 16 and 44; and (3) the plaintiff did not receive a fair trial.

A new trial is warranted under Rule 59(a), if "the verdict is against the weight of the evidence, the damages are excessive, or if for other reasons the trial was not fair to the moving party." *McNabola v. Chicago Transit Authority*, 10 F.3d 501, 516 (7th Cir.1993).

### I. JURY INSTRUCTIONS

The plaintiff argues that he lost this case because the court's instructions on age discrimination were erroneous and prejudicial. Jury instructions must, as a whole, correctly inform the jury of the applicable law. *Maltby v. Winston*, 36 F.3d 548, 560 (7th Cir.1994), *cert. denied*, 515 U.S. 1141, 115 S.Ct. 2576, 132 L.Ed.2d 827 (1995). The court's inquiry is two-fold: (1) whether the instructions misstate or insufficiently state the law; and, if they do, (2) whether the misstatements "confused or misled the jury causing prejudice to a litigant." *Id.*, citing *Doe v. Burnham*, 6 F.3d 476. 479 (7th Cir. 1993).

### A. ADEA Instruction

The plaintiff finds fault with the following instruction given by the court:

In order to prove his claim under the Age Discrimination in Employment Act, it is Mr. Hahm's burden to prove by a preponderance of the evidence that his age was a substantial factor in Wisconsin Bell's decision to discharge him. In order for you to determine Mr. Hahm's age was a substantial factor, you must decide whether Wisconsin Bell would have terminated Mr. Hahm had he been younger and everything else remained the same.

The plaintiff argues that this instruction was erroneous in that it did not track the burden-shifting formula identified in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). This argument is patently without merit.

The court of appeals for the seventh circuit has clearly stated that it is not appropriate to include the *McDonnell Douglas* burden-shifting methodology in jury instructions. *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1350 (7th Cir.1995) ("It is well-established in this circuit that the burden-shifting methodology should not be used during the jury's evaluation of evidence at the end of trial on the merits.") The court of appeals has explained why the jury should not be instructed on this particular method of proof:

Once the judge finds that the plaintiff has made the minimum necessary demonstration ("the prima facie case") and that the defendant has produced an age-neutral explanation, the burden-shifting apparatus has served its purpose, and the only remaining question—the only question the jury need answer—is whether the plaintiff is a victim of intentional discrimination. *Gehring v. Case Corp.*, 43 F.3d 340, 343 (7th Cir.1994), *cert. denied*, 515 U.S. 1159, 115 S.Ct. 2612, 132 L.Ed.2d 855(1995). *See also Achor v. Riverside Golf Club*, 117 F.3d 339, 340 (7th Cir.1997).

The plaintiff also argues that the challenged instruction was improper because it amounted to a "but for" test and asserts that it was unfair to require that he prove that he would not have been discharged "had he been younger and everything else had remained the same." Mr. Hahm cites no cogent authority to support his contention that the given instruction was legally insufficient. Indeed, the court's instruction was modeled after the instruction approved by the court of appeals in *Achor*, 117 F.3d at 340:

> [I]t is Plaintiff's burden to prove by a preponderance of the evidence that he was discharged by the defendant because of his age. In order for you to determine whether Plaintiff was discharged because of his age, you must decide whether Defendant would have fired Plaintiff had he been younger than 40 and everything else had remained the same.

Contrary to the plaintiff's suggestion, there is nothing in the court's instructions which states that Mr. Hahm was required to prove that his age was the *only* motivating factor in the defendant's decision to discharge him.

Mr. Hahm also argues that it was error for the court to reject his instruction defining "pretext." As I have already noted, under the law of this circuit, it is not appropriate to instruct the jury as to the pretext component of the *McDonnell Douglas* test. Moreover, the plaintiff cites no authority for the proposition that the court was required to define the concept of "pretext" to the jury.

■ It is undisputed that the heart of Mr. Hahm's case was his contention that the

decision-makers lied about their age-neutral reasons for not selecting him. In my opinion, the court's instructions, as a whole, focused the jury on determining whether the defendant's version of events surrounding Mr. Hahm's discharge was accurate. For example, the jury received numerous "truth-seeking" instructions; they were instructed regarding the credibility of witnesses, direct and circumstantial evidence, inferences, types of evidence and false testimony. The plaintiff does not argue that any of these instructions were inaccurate. Because these instructions permitted the jury to disregard every or any part of a defense witness' testimony, the plaintiff cannot claim he was prejudiced by the lack of an instruction defining the term "pretext."

In sum, I believe that the ADEA instructions given to the jury were a correct statement of the applicable law.

## B. Instruction Regarding Age of Mr. Hahm's Replacement

■ Mr. Hahm contends that the court should have instructed the jury that he was not required to prove that he was replaced by a younger employee. It is undisputed that Mr. Hahm did not raise this argument at the jury instruction conference, nor does he allege that he was unable to do so. Pursuant to Rule 51(a), Federal Rules of Civil Procedure, "[n]o party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection."

Because Mr. Hahm did not articulate this objection **before** the jury began deliberating, he has waived it under Rule 51(a).

## C. Instructions Were "Unbalanced and Unfair"

Mr. Hahm identifies seven aspects of the jury instructions which "tend[ed] to exculpate the defendant and legitimatize its actions—while giving no guidance on how age discrimination could be inferred." (Motion for New Trial, p. 6.) He argues that the instructions as a whole were deficient because there was "not one instruction permit-

ting or even describing an inference which might help the plaintiff...." (Motion for New Trial, p. 8.)

As noted by the defendant, the plaintiff did not raise these objections in accordance with Rule 51. The plaintiff does not contest this assertion. Thus, because Mr. Hahm did not raise these objections in a timely fashion, they are waived under Rule 51(a).

Moreover, Mr. Hahm's argument that the jury instructions were insufficient because they lacked instructions which would have permitted a favorable inference in his favor is without merit. Mr. Hahm did not request any such instructions prior to jury deliberation nor has he identified any appropriate instructions in his instant motion for a new trial.

## II. EXCLUSION OF EXHIBITS 16 AND 44

The plaintiff contends that the court improperly excluded two of his exhibits which showed "age consciousness and a preference for younger employees on the part of Wisconsin Bell." The excluded documents were a statistical table, exhibit 16, and a videotape of an Ameritech vice-president, James Goetz, exhibit 44. These evidentiary items were excluded pursuant to the defendant's motions in limine. Mr. Hahm's arguments in his motion for a new trial regarding this evidence are merely a recitation of the arguments he made in opposition to the defendant's motion in limine. In addition, he points to nothing in his motion for a new trial which suggests that reconsideration of my decision to exclude this evidence is warranted.

The proffered statistical table, exhibit 16, was excluded because a proper foundation for the statistics had not been made and because Mr. Hahm had failed to demonstrate that any of the employees identified in the table were similarly situated to himself. Mr. Hahm does not challenge these conclusions. Instead, he argues, for the first time, that the exhibit was offered because it would "conclusively establish[ ] Wisconsin Bell's awareness of the ages of the employees being terminated." (Motion for New Trial, p. 10.)

■ Under Rule 103(a), Federal Rules of Evidence, evidentiary rulings cannot be assigned as error unless (1) a substantial right is affected, and (2) the nature of the error was called to the court's attention by way of an objection or motion to strike which stated the specific ground of the objection. Because Mr. Hahm failed to articulate this ground for objection at trial, he is barred from doing so now in a motion for a new trial.

■ Furthermore, I am unpersuaded that the statistical table should have been admitted to show the defendant's "age awareness." According to the court of appeals for the seventh circuit:

no inference of guilt can be drawn from a company's sensitivity to its potential liability under the age discrimination law when discharging a protected older worker, unless 'the innocuous evidence of age awareness' is made significant by other evidence that would give rise to such an inference.

*Courtney v. Biosound, Inc.*, 42 F.3d 414, 420 (7th Cir.1994). Mr. Hahm does not identify "other evidence" which transforms this "innocuous evidence of age awareness" into relevant evidence. Hence, exhibit 16 would not have been admissible for the purpose Mr. Hahm now advances.

■ Mr. Hahm's argument with respect to the Goetz tape is similarly deficient. Exhibit 44 is the September 10, 1993, videotape in which Mr. Goetz says that "we" want to get back to bringing in employees that are under 45 years of age. At trial, I determined that the videotape was not relevant because Mr. Hahm had failed to show that Mr. Goetz was involved in the decision to discharge Mr. Hahm; in addition, Mr. Goetz's role in the restructuring of the company was such that any possible discriminatory intent on his part could not be attributed to the decision makers of Wisconsin Bell.

Mr. Hahm argues that Mr. Kehm's testimony that Mr. Goetz was involved in setting the policies and procedures for selecting managers in the Ameritech business unity establishes that Mr. Goetz was, in fact, a decision maker. During trial, I rejected this argument as a mischaracterization of the rec-

ord prior to excluding the videotape. Mr. Hahm, again, points to nothing in the record which supports his version of Mr. Kehm's testimony. Furthermore, the plaintiff does not challenge my alternative ruling for excluding the evidence: that any probative value of the tape was outweighed by its unfair prejudice.

Therefore, I find that the plaintiff has failed to demonstrate that exhibits 16 and 44 were improperly excluded.

### III. INTERESTS OF JUSTICE

In his final argument, Mr. Hahm contends that he is entitled to a new trial because he was "seriously prejudiced by the false testimony of defendant's lead-off witness, Roznowski." (Motion for a New Trial, p. 11.) Specifically, Mr. Hahm alleges that Mr. Roznowski falsely claimed to have consulted individuals who managed him, and he also falsely claimed to have obtained negative information about Mr. Hahm's dealings with an outside vendor. The plaintiff relies on other contradictory testimony in the record to demonstrate that Mr. Roznowski's testimony was false.

■ There was conflicting testimony in the record as to Mr. Hahm's managerial shortcomings and Mr. Roznowski's discussion with the outside vendor. However, the truthfulness of Mr. Roznowski's testimony was an issue of credibility for the jury. The fact that the jury may have chosen to believe Mr. Roznowski's version of the facts despite evidence to the contrary is not a proper basis for disregarding the jury's verdict and granting a new trial. *See McLean v. Badger Equipment Co.*, 868 F.Supp. 258, 262–263 (E.D.Wis.1994); *Burlew v. Eaton Corporation*, 728 F.Supp. 529, 534 (E.D.Wis.1989).

### IV. CONCLUSION

Mr. Hahm has failed to demonstrate any valid reason warranting a new trial under Rule 59(a). Accordingly, the motion for a new trial will be denied.

1. President Clinton appointed Kenneth S. Apfel, to serve as Commissioner of Social Security, effective September 19, 1997, to succeed John J. Callahan, Ph.D. Pursuant to Rule 25(d)(1) of the

Therefore, IT IS ORDERED that the plaintiff's "Motion for a New Trial" be and hereby is denied, with costs.